UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARLON JEFFERSON,

               Plaintiff,

v.

CITIZENS BANK, N.A.,

               Defendant.

**DECISION AND ORDER**

1:16-CV-06387 EAW

---

On June 8, 2016, Attorney Ryan C. Woodworth filed this action on behalf of Plaintiff Marlon Jefferson ("Plaintiff"), in which Plaintiff alleges employment discrimination. (Dkt. 1). On September 30, 2016, Mr. Woodworth requested leave to withdraw from the case. (Dkt. 3). Mr. Woodworth had been informed—after filing this action—that Plaintiff had previously filed for Chapter 7 bankruptcy relief, that the suit was an asset of the bankruptcy estate, and that Mr. Woodworth did not have authorization by the estate to file this action. (*Id.* at 1-2). Mr. Woodworth and the bankruptcy trustee, Michael Arnold, were unable to come to terms which would allow for Mr. Woodworth's continued involvement in the suit, and, therefore, Mr. Woodworth sought leave to withdraw entirely. (*Id.* at 2).

Both Mr. Arnold and Plaintiff responded to Mr. Woodworth's motion. (Dkt. 8; Dkt. 10). In his letter, Mr. Arnold disclaimed the estate's interest in Plaintiff's suit

against Citizens Bank, N.A. ("Defendant"),[1] allowing Plaintiff and Mr. Woodworth "to take whatever action in the civil case they deem appropriate." (Dkt. 8 at 1). For his part, Plaintiff was "very happy with Mr. Woodworth's services and handling of this matter and if he would, [Plaintiff] would like him to remain on the case." (Dkt. 10 at 1).

Because the issues raised by Mr. Woodworth in his motion are mooted by Mr. Arnold's representations that the bankruptcy estate has disclaimed all interests in this case, and because Plaintiff requests Mr. Woodworth continue with the case, Mr. Woodworth's motion to withdraw (Dkt. 3) is denied at this stage of the proceedings. The motion is denied without prejudice, and may be renewed at a later date, but not prior to service of the complaint in accordance with this Decision and Order.

Defendant has not yet been served in this case. The Court finds that the confusion and complications resulting from Plaintiff's bankruptcy filing and Mr. Woodworth's motion to withdraw constitutes good cause for the failure to serve process within the 90-day time period required under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 4(m). Moreover, to the extent that Mr. Woodworth's failure to contact the Court prior to the expiration of the 90-day deadline for service under Fed. R. Civ. P. 4(m) negates any finding of good cause, the Court nonetheless, in the exercise of its discretion, extends the deadline for service. *See Zapata v. City of N.Y.*, 502 F.3d 192, 196 (2d Cir. 2007) ("We

---

[1] Defendant has made a special appearance to raise issues as to whether the lawsuit was validly instituted due to Plaintiff's pending bankruptcy. (Dkt. 5; Dkt. 9). That issue is not properly before the Court, and, therefore, the Court declines to render any decision regarding the validity of the suit at this stage in the litigation.

hold that district courts have discretion to grant extensions [to serve] even in the absence of good cause."). Any extension of time is particularly appropriate where, as here, the defendant has actual notice of the lawsuit and will suffer no prejudice from this short extension. *See Morris v. Ford Motor Co.*, No. 07-CV-424S, 2009 WL 2448473, at *3 (W.D.N.Y. Aug. 7, 2009) (describing the factors a court should consider in extending the time for service absent good cause as including whether the defendant had actual notice of the claims asserted, and whether the extension would prejudice the defendant). Therefore, the Court extends the time for Plaintiff to properly effectuate service until **December 10, 2016**.

    SO ORDERED.

                                        ELIZABETH A. WOLFORD
                                        United States District Judge

Dated: November 10, 2016
       Rochester, New York